UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

    **Plaintiff,**

v.                                                                                                             Case No: 6:22-cr-204-RBD-DCI

**ORLANDO ROSA RODRIGUEZ**

    **Defendant.**

---

## ORDER

After examination, a psychologist has concluded that the Defendant is not presently competent to assist in his defense. Doc. 226. This finding was not contested by the United States or the Defendant at the competency hearing held on September 26, 2023. At the hearing, the parties agreed that the Defendant was not competent to proceed, and the United States proffered the report of Dr. Jeremiah Dwyer, Ph. D. Doc. 226. Based on that report and given the agreement between the parties (Doc. 236), the Court finds by a preponderance of the evidence that the Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense.[1] 18 U.S.C. § 4241(d).

---

[1] Despite Dr. Dwyer's conclusions at the end of his report, it appears from the entirety of that report that the Defendant does likely understand the charges against him, as well as the nature and consequences of these proceedings. Doc. 226. It appears that Dr. Dwyer's opinion concerning competence is based almost entirely on his assessment that the Defendant suffers from delusions related to his perceived wealth and his persecution by the government that are interfering with his ability to assist counsel in his defense. *Id*. at 16-17. Accordingly, the Court's finding of incompetence is limited to the Defendant's ability to assist properly in his defense. As the statute is written in the disjunctive, this is sufficient for a finding of incompetence and restoration. *See* 18 U.S.C. § 4241(a), (d).

Accordingly, the statute directs that "the court shall commit the defendant to the custody of the Attorney General." *Id*. Pursuant to the statute:

> The Attorney General shall hospitalize the defendant for treatment in a suitable facility—
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until—
>
> > (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
> >
> > (B) the pending charges against him are disposed of according to law;
>
> whichever is earlier.
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

18 U.S.C. § 4241(d).

The United States declines, at this point, to dismiss the case. As stated at the hearing and in the parties' joint filing, both the United States and the Defendant agree that the Defendant should be committed to the Attorney General for competency restoration efforts pursuant to 18 U.S.C. § 4241(d). Doc. 236.

Accordingly, it is **ORDERED** that the Joint Motion on Competency (Doc. 236) is **GRANTED** to the extent that the Defendant, **ORLANDO ROSA RODRIGUEZ**, is hereby committed to the custody of the Attorney General who shall hospitalize the Defendant for treatment in a suitable facility for such a reasonable time, not to exceed four months from the date Defendant arrives at the designated facility, as is necessary to determine whether there is a

substantial probability that in the foreseeable future the Defendant will attain the capacity to permit the proceedings to go forward. The Attorney General may request, on motion to the Court, an additional reasonable period of time for treatment upon a showing that there is a substantial probability that within such additional period of time Defendant will attain the capacity to permit the proceedings to go forward. 18 U.S.C. §§ 4142(d)(1), (2).

It is **ORDERED** that the government shall promptly file a certification issued pursuant to 18 U.S.C. § 4241(e), if one is issued, or otherwise notify the Court and opposing counsel in writing within five business days after the original reasonable period for treatment of the status of the case.

The **Clerk of Court** is directed to provide a copy of this Order to the United States Marshals Service.

**DONE** and **ORDERED** in Orlando, Florida on September 26, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant