# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

        **Plaintiff,**

v.                                                                          Case No: 6:22-cr-204-RBD-DCI

**ORLANDO ROSA RODRIGUEZ**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

On May 28, 2025, the Court entered a judgment that included monetary penalties against the Defendant: a $400 special assessment and a $50,000 fine. Doc. 347 at 6. The government has now filed a Motion to Authorize Payment from Defendant's Inmate Trust Account seeking an Order authorizing the U.S Bureau of Prisons (BOP) to pay to the Clerk of Court $2,000 of the funds currently in the Defendant's inmate trust account to be used towards his criminal monetary obligations. Doc. 378 (the Motion). The undersigned respectfully recommends that the Motion be granted.

Under 18 U.S.C. § 3613, a criminal sentence imposing a fine constitutes "a lien in favor of the United States on all property and rights to property of the person fined." 18 U.SC. § 3613(c). Here, a lien attached to Defendant's inmate trust account under § 3613(c), due to Defendant's fine, and the funds do not fall within § 3613(a)(1)'s listed exemptions. *See, e.g.*, *United States v. Kronhaus*, Case No. 6:16-cr-193-Orl-37KRS, Doc. 57 (order authorizing BOP payment from inmate trust account); *United States v. Wahba*, Case No. 8:14-cr-179-T-17EAJ, Doc. 57 (same); *United States v. Norris*, Case No. 3:15-cr-52-J-39JRK, Doc. 86 (same); *United States v. Cunningham*, Case No. 6:13-cr-76-Orl-31LRH, Doc. 146 (same); *United States v. Sharp*, Case No.

2:09-cr-34-FtM-29DNF, Doc. 90 (same); *United States v. Blanco*, Case No. 8:09-cr-109-T-24AEP, Doc. 535 (same); *United States v. Harris*, Case No. 8:12-cr-205-T-23SPF, Doc. 1490 (same).

Further, though the Court set a schedule of payments in the judgment, that does not impact the fact that "a lien against all of Connolly's property and rights to property, and that lien attached to the funds in [the Defendant's] BOP trust account." *United States v. Connolly*, No. 22-12922, 2023 WL 2498086, at *2 (11th Cir. Mar. 14, 2023) (citing 18 U.S.C. § 3613(a)(1) (12); 26 U.S.C. § 6334(a)(1)-(8), (10)). Additionally, the Court may modify the schedule of payments, including by making the entire amount due immediately:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C.A. § 3572(d)(3); *see also Connolly*, 2023 WL 2498086, at *2 ("Further, the court's grant of the government's motion to authorize the payment from Connolly's account effectively modified the payment plan by requiring a payment before the start of the original plan, as it was permitted to do under § 3664(k) and § 3572(d)(3)."). Here, the government recently learned that the Defendant has a current balance of $3,833.04 in his inmate trust account. Doc. 378 at 2. That total includes a recent $3,831.30 deposit into his inmate trust account. *Id*. The funding of the Defendant's inmate trust account constitutes a material change in his economic circumstances that might affect his ability to pay his monetary obligations.

Finally, the undersigned notes that the Defendant failed to respond in opposition to the Motion in the time provided. *See* Local Rule 3.01(d) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

Thus, the Court should authorize the BOP to turn over $2,000 of Defendant's inmate trust account funds to be applied to his criminal monetary obligations.

Accordingly, the undersigned respectfully **RECOMMENDS** that the Court **GRANT** the Motion (Doc. 378) such that:

1. The U.S. Bureau of Prisons be **AUTHORIZED** to turn over to the Clerk of Court $2,000 currently held in the trust account for inmate:

    Orlando Rosa Rodriguez
    Register No. 40628-510
    FMC Fort Worth
    P.O. Box 15330
    Fort Worth, TX 76119

2. The Clerk of Court be **DIRECTED** to apply the funds as payment toward Defendant Orlando Rosa Rodriguez's criminal monetary penalties in this case.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**Recommended** in Orlando, Florida on November 17, 2025.

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE